UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCGEE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:22-CV-604 SRW |
| DENISE HACKER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Kevin D. McGee's *pro se* filing titled "Objection of Time-Barred Statutory Interpretation Substantial Justice Integrity of Trial Substantial Justice." The document has been construed as a petition under 28 U.S.C. § 2254 for writ of habeas corpus. Petitioner seeks an order from the Court directing the Missouri Department of Mental Health to release petitioner from confinement from the Southeast Missouri Mental Health Center.

The petition is defective because it has not been drafted on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). In addition, plaintiff has neither paid the filing fee nor submitted a motion to proceed without prepaying fees or costs. *See* 28 U.S.C. § 1915(a). The Court will direct the Clerk of Court to send petitioner the Court's forms: "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" and "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases."[1]

Petitioner is reminded that 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on

---

[1] The Court notes that petitioner previously filed an application for writ of habeas corpus in this District seeking release from the Sex Offender Rehabilitation Center (SORTS) on April 21, 2022. *See McGee v. Hacker*, No. 4:22-CV-477 AGF (E.D. Mo). Petitioner has failed to either pay the $5 filing fee in that action or file a motion to proceed in forma pauperis.

behalf of a person in state custody unless that person has exhausted the remedies available in the courts of the State. The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker*, 533 U.S. 167, 178B79 (2001). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief still open to the habeas applicant at the time he files his application in federal court. *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).[2] Therefore, petitioner should set forth in his application for writ of habeas corpus his efforts at exhausting his state administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to petitioner a copy of the Court's forms "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" and "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases."

**IT IS FURTHER ORDERED** that petitioner shall file an amended petition on the Court-provided form within **thirty (30) days** of the date of this Order. Petitioner is advised that his

---

[2]Although most of the cases defining the contours of the exhaustion requirement arise from challenges to state custody following criminal conviction, the Supreme Court's holding that exhaustion requires only a fair presentation that is satisfied by invoking one complete round of the State's established appellate review process, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment, *see Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir.2009). To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release, under Mo. Rev. Stat. § 632.498 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals. *See, e.g., Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991).

amended petition will take the place of his original petition and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that petitioner shall either pay the $5 filing fee or submit the "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases" within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that within the amended petition, petitioner shall set forth, in detail, his efforts at exhausting his state administrative remedies.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 8th day of June, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE